# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISA ANN MCMANUS,** | : | Civil No. 3:13-CV-1729 |
| Petitioner, | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **SUP'T. NANCY GIROUX, et al.,** | : | |
| Respondents. | : | |

## MEMORANDUM AND ORDER

I.  **Statement of Facts and of the Case**

The petitioner, a state prisoner, filed this habeas corpus petition on June 24, 2013. (Doc. 1.) An initial review of the petition reveals that the petitioner is challenging aspects of a state conviction and sentence in the Court of Common Pleas of Lancaster County. (Id.) Thus, this petition solely entails issues relating to a state conviction and sentence imposed by a state court in Lancaster County, matters which fall within the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

The petitioner is now represented by counsel, who has moved to transfer this case to the United States District Court for the Eastern District of Pennsylvania for further proceedings. (Doc. 5.) Because this petition raises matters which relate entirely to a state conviction and sentence in the Eastern District of Pennsylvania, this

motion to transfer is GRANTED, and this case will be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

## II. Discussion

### A. This Case, Which Involves a Conviction and Sentence in the Eastern District of Pennsylvania, Should be Transferred to the Eastern District of Pennsylvania

In this case, we find that this petition should be transferred to the federal district court in the Eastern District of Pennsylvania, the venue where the petitioner was convicted, and the venue where the state sentence that is the subject of this habeas corpus petition was imposed. For state prisoners who seek to contest some aspect of their state sentences, 28 U.S.C. §2241(d) specifies where habeas corpus petitions should be filed, and provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, state prisoner habeas corpus petitions may be brought either in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. See 28 U.S.C. § 2241(d). However, § 2241(d) also provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the federal district court in which the state court of the conviction is located. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, the petitioner is a state prisoner who wishes to file a habeas corpus petition with the United States District Court for the Middle District of Pennsylvania challenging a state conviction arising out of a case prosecuted in the Eastern District of Pennsylvania, a conviction and underlying state case which are matters that fall under the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §118(a). Given that this offense, state prosecution, and sentencing all took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). Indeed, the United States District Courts for

Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings. Helfrich v. Coleman, No. 10-958, 2010 WL 1337728 (E.D. Pa. April 6, 2010); McKeever v. McGrady, No. 08-2905, 2008 WL 5101729 (E.D. Pa. Nov. 26, 2008); Fletcher v. Rozum, No. 08-716, 2008 WL 2609826 (W.D. Pa. June 26, 2008); Reinhold v. Rozum, No. 4:CV-07-1997, 2007 WL 4248273 (M.D. Pa. Nov. 30, 2007). This course of action, in turn, is consistent with the guidance of the United States Court of Appeals for the Third Circuit which has "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses. See Dorsainvil, 119 F.3d at 249; Meadows, 426 F.2d at 1183 n. 9." In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001). Thus, this practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required.

Further, we note that an order transferring this case to Eastern District of Pennsylvania for further proceedings also protects the petitioner's rights. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from

-4-

a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have this case heard on its merits in the most appropriate forum. See generally, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338.

Finally, we note that: "[a] motion to transfer venue . . . involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *1 n. 1 (M.D.Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93-0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y.1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85-4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true 'because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.' Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan.2, 1997) (collecting cases)." Berg v. Aetna Freight Lines, CIV.A. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). See, e.g., Brett v. Gertz, 3:12-CV-1429, 2012 WL 4839006 (M.D. Pa. Sept. 12, 2012) report and recommendation adopted, 3:CV-12-1429, 2012 WL 4838997 (M.D. Pa. Oct. 10, 2012) (citing Market Transition Facility of New Jersey v. Twena, 941 F.Supp.

462 (D.N.J.1996)); Holley v. Robinson, CIV. 1:10-CV-585, 2010 WL 1837797 (M.D. Pa. Apr. 2, 2010) report and recommendation adopted, 1:10-CV-585, 2010 WL 1837793 (M.D. Pa. May 6, 2010)(same). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. §636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13-0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013)("Orders to transfer are not listed as dispositive . . . .. A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D.Fla.2006). See also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir.1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 1997 WL 1864, at *1 (S.D.N.Y.1997) (collecting cases). See also Holley v. Robinson, 2010 WL 1837797, *2 (M.D.Pa.2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); Berg v. Aetna Freight Lines, 2008 WL 2779294, at *1 (W.D.Pa.2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)" (collecting

cases)). Where an appeal is taken from a Magistrate Judge's ruling on a nondispositive motion the "clearly erroneous or contrary to law" standard of review applies. See 28 U.S.C. § 636(b)(1)(A) (stating standard of review for nondispositive matters); Fed.R.Civ.P. 72(a) (same); Local Rule 72 .1.3(B) (same).)

### III. Order

For the foregoing reasons, petitioner's motion to transfer is GRANTED, (Doc. 5.) and IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to 28 U.S.C. § 2241(d).

So ordered this 2d day of July 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge